# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON ELIAS HOWARD III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 1:09-cv-983 AWI<br><br>(No. 1:04-cr-5234 AWI)<br><br>**ORDER DENYING RECONSIDERATION, ORDER DENYING A CERTIFICATE OF APPEALABILITY, AND ORDER DENYING ALL OUTSTANDING MOTIONS**<br><br>(Crim. Doc. Nos. 225, 254, 260, 261, 262, 267, 275, 276, 277, 278, 279, 282, 286, 287, 288, 291, 297) |

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a), (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months. The Ninth Circuit affirmed the conviction on direct appeal.

On June 6, 2009, Petitioner filed a motion to vacate under 18 U.S.C. § 2255. On March 3, 2009, Petitioner filed an amended motion to vacate. On September 30, 2011, Senior District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions. On October 17, 2011, Petitioner filed a motion for reconsideration and a notice of appeal. On October 21, 2011, this case was reassigned to the undersigned.

On January 9, 2012, Petitioner requested additional time to file a certificate of appealability. Additionally, the Ninth Circuit has indicated that Petitioner's appeal is stayed until

the Court resolves the reconsideration motion. The Ninth Circuit also noted that this Court has not yet ruled on a certificate of appealability.

With respect to reconsideration, Petitioner does not identify under which Rule he seeks reconsideration, but the Ninth Circuit has classified the motion as one brought under Rule 59. The reconsideration motion is 3 pages long, and Petitioner reiterates that he did not have an unbiased jury because one of the witnesses was related to a prosecution witness. Petitioner contends that his counsel cannot waive a biased jury and was ineffective. However, these arguments were addressed in the order denying Petitioner's petition. See Doc. No. 290. Petitioner has cited to no law or case, or otherwise identified a legitimate basis for the Court to reconsider the denial of his petition. Cf. Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890-91 (9th Cir. 2000) (discussing the grounds for, and nature of, Rule 59(e) relief); United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Accordingly, reconsideration will be denied.

With respect to a certificate of appealability,

28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when

the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In light of the amended § 2255 petition, the order on the § 2255 petition, and the motion for reconsideration, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find that the Court's determination that Petitioner is not entitled to relief under § 2255 to be debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (Doc. No. 291) is DENIED;
2. The Court DECLINES to issue a Certificate of Appealability (Doc. No. 297);
3. All other outstanding motions on the Court's docket are again DENIED as moot, pursuant to Doc. No. 290; and
4. This matter remains closed.

IT IS SO ORDERED.

Dated:   January 18, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE