# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFTON ELIAS HOWARD III,** )<br>)<br>**Petitioner**, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent**. )<br>_____ ) | 1:04-cr-5234 AWI<br><br>**ORDER DENYING<br>PETITIONER'S MOTION**<br><br>(Doc. No. 301) |

*Background*

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a), (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months. The Ninth Circuit affirmed the conviction on direct appeal.

On June 2, 2009, Petitioner filed a motion to vacate under 18 U.S.C. § 2255. On March 9, 2011, Petitioner filed an amended motion to vacate. On September 30, 2011, Senior District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions.

On October 17, 2011, Petitioner filed a motion for reconsideration and a notice of appeal. On January 18, 2012, the undersigned denied Petitioner's motion for reconsideration and declined to issue a certificate of appealability. On November 9, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On November 19, 2012, Plaintiff filed what is styled a motion under Rules 15, 60(b)(4),

and 60(b)(6).  See Doc. No. 301.  In this motion, Petitioner contends that the indictment was insufficient in that it failed to allege all of the essential elements of 18 U.S.C. § 924(c)(1), the jury instructions on the § 924 count were faulty, the trial court improperly enhanced Petitioner's sentence to life imprisonment, and Petitioner received ineffective assistance of counsel.  See id.

*Legal Standard*

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

> A second or successive motion must be certified as provided in section 2244 [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059. For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).  However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)); see also Buenrostro, 638 F.3d at 722.  If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction.  See Washington, 653 F.3d at 1065.

*Discussion*

Petitioner is clearly attempting to assert federal bases for relief from his conviction and/or sentence.  See United States v. Withers, 638 F.3d 1055, 1064-66 (9th Cir. 2011) (addressing

2

| | |
|---|---|
| 1 | claim of ineffective assistance of trial and appellate counsel); <u>Echavarria-Olarte v. Reno</u>, 35 F.3d |
| 2 | 395, 397-99 (9th Cir. 1994) (addressing claim of insufficient indictment); <u>United States v.</u> |
| 3 | <u>Dunham</u>, 767 F.2d 1395, 1397 (addressing claim of jury instruction error); <u>Williams v. United</u> |
| 4 | <u>States</u>, 651 F.2d 648 (9th Cir.1981) (addressing propriety of sentencing enhancement). There is |
| 5 | no indication that Petitioner has received permission from the Ninth Circuit to file this motion. |
| 6 | It is apparent that Petitioner has not complied with § 2255(h). Petitioner's motion is an |
| 7 | improper attempt to file a successive § 2255 petition. Therefore, this Court is without |
| 8 | jurisdiction, and Petitioner's motion will be denied. <u>See</u> <u>Washington</u>, 653 F.3d at 1065. |

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief (Doc. No. 301) under Rules 15 and 60 is DENIED and this case remains CLOSED.

IT IS SO ORDERED.

Dated:   November 26, 2012

UNITED STATES DISTRICT JUDGE